**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 24, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

DARIUSZ JOZEF SULICH,

Plaintiff-Appellant,

v.

SYSCO INTERMOUNTAIN FOOD
SERVICES, INC.,

Defendant-Appellee.

No. 06-4247
(D.C. No. 2:04-CV-428-TS)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **MURPHY** and **HOLMES**, Circuit Judges.

---

Plaintiff Dariusz Jozef Sulich appeals from the district court's order

granting summary judgment to his former employer. In addition to claiming that

the award of summary judgment was improper, he asserts that it should be set

aside in order to avoid manifest injustice due to fraud on the court. We exercise

jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Background*

Mr. Sulich is of Polish descent and was born in Poland. He worked for Sysco Intermountain Food Services, Inc. (Sysco) from June 1989 until May 2003. During that time, he held various positions. From March 2002 until May 2003, he worked on the night shift in the driver check-in department. In August of 2002 he received an adverse employment rating due to an incident involving the improper storage of a load of frozen fish. He claims he was not at fault but he signed the reprimand document anyway because his supervisor would not listen. On May 1, 2003, Mr. Sulich received a job review called a Performance Improvement Plan, listing and documenting several instances of performance deficiencies between February and April of 2003. As a result, he was discharged from the driver check-in position because of poor performance. Due to a slow-down in business, the only other open position available for Mr. Sulich was as a custodian on the day shift for less pay. Sysco offered him the custodial job, but he declined it because he took care of his children during the day.

Mr. Sulich filed suit, claiming that his termination and proffered demotion were due to national-origin discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17.[1] He asserted that his problems started when Ron Wood was put in charge of his department in July of

---

[1] Mr. Sulich does not challenge the district court's characterization of his claims as national-origin discrimination only. Any claims of harassment, failure to rehire, or discrimination based on age or race have been abandoned on appeal.

2002. Mr. Wood was his second-tier supervisor. According to Mr. Sulich, Mr. Wood regularly called him a "dumb Pollack," and told "Pollack" jokes in his presence. It was Mr. Wood who made the decision in early May of 2003 to terminate Mr. Sulich from the driver check-in position.

Sysco moved for summary judgment and supported its motion with affidavits from two of Mr. Sulich's direct supervisors stating he did not perform his job properly, an affidavit from a coworker also stating he did not perform his job properly, and an affidavit from Sysco's human resources director stating that he never filed a complaint alleging harassment or discrimination, despite posted company policies prohibiting harassment and discrimination. In addition, Sysco filed an affidavit from Mr. Wood stating that (1) he decided to terminate Mr. Sulich from the driver check-in position because of poor job performance, as documented in a May 1, 2003, Performance Improvement Plan; (2) due to a work slow-down, the only other position available at that time was the day-shift custodial job; (3) Mr. Sulich refused the proffered day-shift position because of child-care issues; and (4) after Mr. Sulich was terminated from the driver check-in department, the position was not filled and the work was divided among existing employees. Aplt. App. at 26-27.

In response, Mr. Sulich submitted a transcript of a meeting between himself and Mr. Wood that occurred on or about May 3, 2003, shortly after he was presented with the Performance Improvement Plan. He contends that this

conversation demonstrates that Mr. Wood lied about the reasons for terminating him from the driver check-in job because the statements Mr. Wood made at the meeting contradict those made in his affidavit. In addition, Mr. Sulich filed an affidavit with his post-judgment motion in March of 2006 asserting that after he was terminated, his position was filled by a younger white male who was born in Utah. *Id.* at 216.

The district court held that Mr. Sulich had failed to establish a prima facie case of national-origin discrimination because he did not show that he was qualified for his driver check-in job. The court further ruled that Mr. Sulich failed to show that Sysco's proffered nondiscriminatory reason for terminating him was pretextual. Accordingly, the court granted Sysco's motion for summary judgment. Mr. Sulich then filed a motion to alter the judgment, which the district court denied. Mr. Sulich appeals.

*Legal Framework*

Title VII makes it unlawful to discharge or discriminate against an individual based on national origin. 42 U.S.C. § 2000e-2(a). A Title VII claim of national-origin discrimination is evaluated according to the familiar *McDonnell-Douglas*[2] burden-shifting paradigm. To establish a prima facie case of discriminatory discharge based on national origin, "the plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for his job; (3) despite his

_____

[2] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 807 (1973).

qualifications, he was discharged; and (4) the job was not eliminated after his discharge." *Rivera v. City & County of Denver*, 365 F.3d 912, 920 (10th Cir. 2004) (quotation omitted). If the plaintiff meets his burden of proving a prima facie case, the burden shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employment action. *Id.* If the defendant does so, the burden shifts back to the plaintiff to show "that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination." *Id.* (quotation omitted).

We review de novo the district court's grant of summary judgment, viewing the record in the light most favorable to the party opposing summary judgment. *Lanman v. Johnson County*, 393 F.3d 1151, 1154-55 (10th Cir. 2004). Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party must demonstrate that there exists no genuine issue of material fact. *Ortiz v. Norton*, 254 F.3d 889, 893 (10th Cir. 2001). "When, as in this case, the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy this burden by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* (quotation omitted).

*Discussion*

A. Summary Judgment

The district court granted summary judgment to Sysco for two reasons: Mr. Sulich failed to establish a prima facie case and, even if he had, he failed to show that Sysco's facially nondiscriminatory reason for terminating him–poor job performance–was pretextual. We need not discuss whether Mr. Sulich established a prima facie case because we affirm on the basis that he failed to show that Sysco's stated reason for removing him from the driver check-in job was a pretext for national-origin discrimination. *See Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1125 (10th Cir. 2005) (stating after defendant provides nondiscriminatory reason for employment action, plaintiff bears "full burden of persuasion" to show that employer discriminated on illegal basis).

A plaintiff may show that the employer's proffered reason for terminating him is pretextual by demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence" and therefore infer that the employer's actions were not for the reasons given. *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005) (quotation omitted). Typically, a plaintiff shows pretext by direct "evidence that the [employer's] stated reason for the adverse employment action was false," or by demonstrating that the employer "treated [him] differently from other

similarly-situated employees who violated work rules of comparable seriousness." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1230 (10th Cir. 2000). "Even though all doubts concerning pretext must be resolved in plaintiff's favor, a plaintiff's allegations alone will not defeat summary judgment. Mere conjecture that the employer's explanation is pretext is insufficient basis to defeat summary judgment." *Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1267 (10th Cir. 2007) (citation and quotations omitted).

Mr. Sulich argues that he established pretext by demonstrating that Sysco's stated reason for terminating him was false. He relies on the following evidence: (1) the transcript of the May 3 meeting which impeached Mr. Wood's affidavit because it showed that his statements were inconsistent; (2) his deposition testimony asserting that he was wrongly accused in the frozen-fish incident occurring in August 2002, (3) his allegation that his direct supervisor did not teach him how to use the computer, but instead made the entries for him, (4) his deposition testimony that Mr. Wood looked at him as though he were dumb, told him "Pollack" jokes, and teased him about his accent; and (5) his deposition testimony describing his direct supervisor's statement in 1999 or 2000 that he would not be promoted unless he improved his English-language skills. In the alternative, Mr. Sulich argues that this evidence is sufficient to show contested issues of material fact sufficient to resist summary judgment.

We first consider the argument that Mr. Wood's affidavit stating the nondiscriminatory reasons for terminating Mr. Sulich was impeached by his statements made during the May 3 meeting. According to Mr. Sulich, the discrepancies between the affidavit and the meeting transcript demonstrate that Mr. Wood lied in his affidavit and therefore he has demonstrated pretext. Contrary to Mr. Sulich's claims, however, during the meeting, Mr. Wood said nothing to indicate that Mr. Sulich was terminated for reasons other than poor performance or that there were jobs available other than the custodial position he was offered. Mr. Sulich's argument that Mr. Wood lied when he promised to call him back ignores both Mr. Sulich's repeated statement that he would initiate the next call, Aplt. App. at 171, 173, and Mr. Wood's statement that he did in fact call Mr. Sulich back, *id.* at 27. Not only is this point trivial, it is not supported by the record.

Mr. Sulich also contends that his March 3, 2006, affidavit asserting that he was replaced by a younger, white male impeached Mr. Wood's statement that after Mr. Sulich was terminated no one was hired to replace him. This claim, which was not made in the complaint, fails to contradict Mr. Wood's affidavit because it indicates only that Sysco eventually hired someone for the driver check-in position.

Mr. Sulich's remaining evidence of pretext is insufficient to demonstrate a genuine issue of material fact about Sysco's stated nondiscriminatory reason for

terminating him. Even if he was disciplined in error for the August 2002 frozen-fish incident, Sysco did not rely on it in making its decision. Moreover, nothing suggests that this decision, or the alleged failure to teach him to use the computer, were motivated by any national-origin animus. The statement about his English being insufficient to qualify him for a promotion was allegedly made in 1999 or 2000, *id.* at 141, and was too remote in time to show pretext for the May 2003 termination. *See Heno v. Sprint/United Mgmt. Co.*, 208 F.3d 847, 856 (10th Cir. 2000) ("Discriminatory incidents which occurred . . . several years before the contested action . . . are not sufficiently connected to the employment action in question to demonstrate pretext.") (quotation omitted). Finally, Mr. Sysco's vague, generalized claims that his supervisors and coworkers told "Pollack" jokes and looked at him as if he were dumb are insufficient to raise a genuine issue of material fact as to pretext. Not only was Mr. Sulich unable to identify any specific remarks made by a supervisor, *see* Aplt. App. at 140, 141-42, 163, but these allegations do not challenge Sysco's nondiscriminatory reason for terminating him. *See Bryant*, 432 F.3d at 1125 ("Poor performance is a quintessentially legitimate and nondiscriminatory reason for termination.").

## B. Postjudgment Motion

On appeal, Mr. Sulich contends that the district court erred in denying his postjudgment motion to alter or amend the judgment. He maintains that Sysco committed a fraud on the court so the judgment must be set aside to prevent

manifest injustice. These claims were not presented to the district court, however. Although we may consider an issue for the first time on appeal if necessary to prevent manifest injustice, *see Creative Gifts, Inc. v. UFO*, 235 F.3d 540, 545 (10th Cir. 2000), we determine that Mr. Sulich has not met the high standard for showing a fraud on the court. Such a showing generally requires evidence of "the most egregious conduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1291 (10th Cir. 2005) (quotation omitted). Mr. Sulich's assertion that Sysco committed a fraud on the court, as shown by the transcript of the May 3 meeting, is merely a rehash of his pretext argument. Moreover, no fraud on the court was committed because the very evidence Mr. Sulich contends was fraudulent was considered and rejected by the district court.

*Conclusion*

The judgment of the district court is AFFIRMED.

Entered for the Court

Michael R. Murphy
Circuit Judge

-10-